It was moved in arrest of judgment that the action does not lie: (1) Because the consideration is against the statute *23 H., 6, 20, p. 147, and if it were out of the statute, yet it would be void at common law. For it is an extortion to take a larger fee than the law allows the sheriff or his officers.
1. Because the sheriff ought to execute virtute officii; and one of the articles in eyre in Fleta was to inquire de vicecomitibus qui muneracapiunt. Also it was ordained that no officer of the King should take rewards.
(2) The sheriff and his officers in the country are persons to whom all are compelled to come; and of necessity must be employed to do execution. If, then, such promises were tolerated, no execution would *Page 669 
be made without. But in this case the plaintiff is not an officer, and the retainer of him was voluntary. As if the defendant had requested me to go with the sheriff and assist him to do execution, and in consideration that I would go, promised to pay me; I have my action. In this case it cannot be extortion, for the request was voluntary. The defendant begged him, and at the time of the request he was no officer, but afterwards procured a warrant. And this is not like 2 H., 4, 9, and Dyer, 324 and 355.
Trotman. The action does not lie. 29 El., 4., prohibits sheriffs or any of their officers to take, etc., for serving an extent or other execution. And this is an execution, for judgment is given before the coroners that the defendant be outlawed. Although it be not within the words, it is within the equity of the statute; as an obligation to save the sheriff harmless is within the equity of 23 H., 6, and this is a promise within the statute by the equity of it *10 Rep., Bewsage's case; Onesby's case, 19 El.; 42 E., 3, 6.
It is void at common law, and it is the same respecting the sheriff or his officers. 13 Jac., Sherley and Packer's case. A promise to give to the sheriff or his officers more than the fees is void, being contrary to the common and statute law. There is no difference in this case. The plaintiff arrested John Green, as the sheriff's deputy; it was the sheriff's act. It is a sale of justice.